NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AFFYMAX, INC.,**
*Plaintiff-Appellant,*

v.

**JOHNSON & JOHNSON, ORTHO-MCNEIL PHARMACEUTICAL, INC., ORTHO PHARMACEUTICAL CORPORATION, R.W. JOHNSON PHARMACEUTICAL RESAERCH INSTITUTE, JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT, LLC, AND DOES 1-10,**
*Defendants-Appellees.*

---

2011-1388

---

Appeal from the United States District Court for the Northern District of Illinois in case no. 04-CV-6216, Judge Matthew F. Kennelly.

---

ON MOTION

---

Before SCHALL, *Circuit Judge.*

ORDER

Johnson & Johnson, Ortho-McNeil Pharmaceutical, Inc., Ortho Pharmaceutical Corporation, R.W. Johnson Pharmaceutical Research Institute, Johnson & Johnson Pharmaceutical Research and Development, LLC, and Does 1-10 (J&J) move to dismiss the appeal for lack of jurisdiction. Affymax, Inc. opposes. J&J replies.

Affymax filed a complaint asserting, inter alia, claims for correction of inventorship under 35 U.S.C. § 256 as well as state and contract law claims. J&J moved to compel arbitration and the district court granted the motion. An arbitration panel issued an award determining the parties' rights to the patents and patent applications. Affymax moved to vacate the award in part pursuant to 9 U.S.C. § 10. The district court granted that motion in part, confirming the award concerning United States patents and applications and vacating the award and remanding for further arbitration proceedings concerning the inventorship of foreign patents.

Affymax appealed, seeking this court's review of the portion of the district court's determination that confirmed the award concerning United States patents and applications. J&J appealed to the United States Court of Appeals for the Seventh Circuit, seeking review of the district court's vacatur of a portion of the arbitration award. The Seventh Circuit expedited its proceedings and determined that it had jurisdiction and that this circuit would not have jurisdiction. The Seventh Circuit held that the case involved "a dispute about patent ownership that does not depend on 28 U.S.C. § 1338" and that the order was appealable pursuant to 9 U.S.C. § 16(a)(1)(E). The Seventh Circuit also held that the order was not appealable as being equivalent to an order involving an injunction, apparently in response to our holdings in *Microchip Tech. Inc. v. U.S. Philips Corp.*, 367 F.3d 1350, 1354-55 (Fed. Cir. 2004) (order compelling arbitra-

tion is appealable to the Federal Circuit as an injunction pursuant to 28 U.S.C. § 1292(a)(1)); *Qualcomm Inc. v. Nokia Corp,* 466 F.3d 1366, 1370 (district court's order denying motion to stay proceedings pending arbitration is appealable to the Federal Circuit pursuant to 28 U.S.C. § 1292(a)(1)). The Seventh Circuit recently issued a judgment reversing the district court's decision. The Seventh Circuit reversed the district court's judgment "(to the extent appealed from)" and remanded to the district court "with instructions to confirm the award in full." *Affymax, Inc. v. Ortho-McNeil-Jansen Pharmaceuticals, Inc.,* No. 11-2070 (7th Cir. Oct. 3, 2011).

The parties recently filed short letters concerning the effect of the Seventh Circuit's decision on the determination of this court's jurisdiction over Affymax's appeal. J&J argues that the Seventh Circuit's determination is "law of the case" concerning this court's jurisdiction. *See Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 816-17 (1988) (first court to decide a jurisdictional issue establishes the law of the case, and should not be revisited "in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" (quoting *Arizona v. California,* 460 U.S. 605, (1983))). Affymax argues that the Seventh Circuit's decision is not law of the case "because that ruling relates to a different appeal" and that the Seventh Circuit's decision is "clearly wrong."

We direct the parties to more completely address, in briefs not to exceed 10 pages, whether the Seventh Circuit's determination concerning jurisdiction should be adhered to by this court under *Christianson.*

Accordingly,

IT IS ORDERED THAT:

The motion to dismiss is held in abeyance. The parties are directed to file, within 14 days of the date of filing of this order, briefs not to exceed 10 pages of double-spaced text concerning whether the Seventh Circuit's determination should be adhered to by this court under *Christianson*. The revised official caption is reflected above.

FOR THE COURT

**OCT 2 8 2011**

Date

/s/ Jan Horbaly

Jan Horbaly

Clerk

cc: Richard de Bodo, Esq.
    Kathleen M. Sullivan, Esq.

s24

**FILED**
**U.S. COURT OF APPEALS FOR**
**THE FEDERAL CIRCUIT**

**OCT 2 8 2011**

**JAN HORBALY**
**CLERK**